**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SONNY RAY NABARRETTE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-543-LS** |
| | § | |
| **CHARISMA EDGE, *Warden*, FCI La Tuna,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Sonny Ray Nabarrette, Federal Prisoner Number 07756-509, challenges the calculation of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is dismissed without prejudice for failure to comply with a court order and failure to prosecute.

**BACKGROUND**

On August 3, 2021, the Court sentenced Nabarrette to sixteen months of imprisonment followed by three years of supervised release for the offense of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] On March 28, 2022, the Court revoked Nabarrette's supervised release after he was arrested for the offense of assault family/household member impeding breath/circulation. The Court committed Nabarrette to the custody of the Bureau of Prisons ("BOP") for time served and imposed three years of supervised release. On September 8, 2023, the Court revoked Nabarrette's supervised release due to his use of methamphetamine and sentenced him to ten months of imprisonment followed by two years of supervised release. On May 13, 2025, the Court revoked Nabarrette's supervised release after he admitted to using

---

[1] Pet'r's Pet., ECF No. 1; *see United States v. Nabarrette*, 7:20-cr-269-DC-1 (W.D. Tex.), Order Revoking Supervised Release, ECF No. 117.
[2] *Nabarrette*, 7:20-cr-269-DC-1, Order Revoking Supervised Release, ECF No. 117.

methamphetamine on or about December 31, 2024. The Court committed Nabarrette to the custody of the BOP for twenty-two months of imprisonment consecutive to any other sentence imposed but without any additional term of supervised release.

Nabarrette was confined at the La Tuna Federal Correctional Institution in Anthony, Texas, when he filed his petition.[3] He was released from BOP custody on August 28, 2026.

In his petition, Nabarrette challenges "the manner in which his Good Time Credits, First Step Act Credits, and Second Chance [Act] Credits are applied and in which [his] release [date] is determined."[4] He claims he is entitled to First Step Act credits "during the period of April 15, 2020, and July 14, 2025."[5] He asks the Court to order Respondent Warden Charisma Edge to provide him with all credits he is entitled to receive.[6]

## APPLICABLE LAW

A prisoner does not have an "absolute 'right' to proceed in a civil action without paying a filing fee."[7] When a prisoner seeks relief through a § 2241 petition, he must pay the District Clerk a $5 filing fee.[8] In the alternative, he may apply to the court for permission to proceed without paying the filing fee with an affidavit disclosing all his assets and showing he is unable to pay the fee.[9]

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court" under Federal Rule of Civil Procedure 41(b).[10] The court's authority under

---

[3] *See* www.bop.gov/inmateloc (search for Reg. 07756-509, last visited Sep. 1, 2026).
[4] Pet'r's Pet., ECF No. 1 at 1.
[5] *Id.* at 3.
[6] *Id.* at 5.
[7] *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)).
[8] 28 U.S.C. § 1914(a).
[9] *Id.* § 1915(a)(1).
[10] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Rule 41(b) flows from its "inherent power to control its docket and prevent undue delays in the disposition of pending cases."[11] The court's authority is not diluted by a party proceeding *pro se*, as "'[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"[12]

## ANALYSIS

Nabarrette did not arrange to pay the $5.00 filing fee or apply to proceed without prepaying fees (*in forma pauperis*) when he signed and mailed his petition on September 4, 2025. He was accordingly ordered on December 24, 2025, to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order.[13] He was warned that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him pursuant to Federal Rule of Civil Procedure 41(b).[14] He did not timely comply or make any effort to communicate with the Court regarding the filing fee.

## CONCLUSIONS AND ORDERS

The Court concludes that Nabarrette has failed to comply with a court order and has failed to prosecute his cause. It further concludes his petition is therefore subject to *sua sponte* dismissal.[15] The Court accordingly enters the following orders:

**IT IS ORDERED** that Sonny Ray Nabarrette's *pro se* "Petition for Writ of Habeas Corpus

---

[11] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).
[12] *Wright v. LBA Hosp*., 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).
[13] Order, ECF No. 3.
[14] *Id*. (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).
[15] *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders."); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion.").

pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that Sonny Ray Nabarrette's case is **CLOSED**.

**SIGNED** this 1st day of September 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**